SAMUEL G. GATES, Associate Director, Wisconsin State Universities
You have requested my opinion as to whether members of the faculty of the Wisconsin State University System acquire tenure at a particular institution within the system, or whether they acquire tenure in the system at large.
This question involves interpretations of secs. 37.02 (1), 37.11 (2), 37.11 (3), and 37.31, Stats. The pertinent provisions of these sections and subsections of the statutes read follows:
"37.02 (1) The Board of Regents * * * are constituted a body corporate * * *."
"37.11 The Board of Regents shall have the government and control of all the state universities, * * *" *Page 117 
"37.11 (2) Appoint a president and assistant and such other teachers and officers and employ such persons as may be required for each of said State Universities; * * *"
"37.11 (3) Remove at pleasure any president, assistant or other officer or person from any office or employment in connection with any such state university, but discharge of teachers shall be governed by s. 37.31."
"37.31 (1) (a) All teachers in any state university shall initially be employed on probation. The employment shall be permanent, during efficiency and good behavior, after appointment and acceptance thereof for a sixth consecutive year in the state university system as a teacher. * * *"
"37.31 (1m) A teacher shall lose tenure upon discharge or resignation from the state university system. * * *"
In my opinion, these statutes concern the same general subject matter and, therefore, must be considered in pari materia.
It is apparent at first blush, from my reading of these statutes, that particular institutions within the state university system have no legal identity. The only entity created by the law is the corporate entity, the Board of Regents. This fact, plus the provisions of secs. 37.11 (2) and 37.11 (3). Stats., leave no room for argument with the proposition that the faculty consists of employes of the corporate entity, the Board.
The language of the tenure statute (sec. 37.31, Stats.) specifically refers, in my opinion, to tenure in the system as distinct from tenure at any particular institution. For example, sec. 37.31 (1) (a), Stats., reads in part:
"* * * acceptance thereof for a sixth consecutive year in the stateuniversity system as a teacher. * * *" (Emphasis supplied)
And subsection (1m) reads in part:
"a teacher * * * from the state university system. * * *" (Emphasis supplied) *Page 118 
In answer to your question, tenure is acquired in the system at large.
The consequences of this result are, as suggested in your letter, that a tenured teacher must be given an opportunity to teach at another institution within the system if his position is abolished at his present institution, provided the teacher is competent and that there is an opening at some other institution.
Aside from the statutes involved, the courts have recognized that notwithstanding the good faith abolishment of a position, the employe should be given the opportunity of continued employment if there is a suitable position available (100 ALR 2d 1163). The principle stated in this authority is clearly in harmony with my interpretation of tenure under our particular statutes.
It is important to note that the opinions expressed in this letter are only applicable to the tenured faculty and do not relate to those teachers who are hired to teach at a particular institution for a particular term and who have not acquired tenure. The nontenured faculty are hired as a matter of contract law to teach for a specific term at a particular institution and it would, in my opinion, be a breach of the employment contract to attempt a unilateral transfer of this employe during the term of his contract.
RWW:CAB